MEMORANDUM **
Jose Eugenio Rivera Pardo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.
Rivera Pardo contends the IJ violated due process by exhibiting bias and failing to develop the record. Contrary to Rivera Pardo’s contentions, the proceedings were not “so fundamentally unfair that the alien was prevented from reasonably presenting his case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Rivera Pardo failed to demonstrate that additional testimony may have affected the outcome of the proceedings. See id. (requiring prejudice to prevail on a due process challenge).
*227 Rivera Pardo’s contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005) (“traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.”); see also Sanchez-Cruz, 255 F.3d at 779 (holding that the “misapplication of relevant case law” may not be reviewed).
Rivera Pardo’s remaining contentions lack merit.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.